UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| LATONYA V. REEVES, ) | Case Number 23-60916 |
| ) | |
|     Debtor. ) | |
| ) | |
| GERARD R. VETTER, ) | |
| Acting United States Trustee For Region Four, ) | |
| ) | |
|     Movant, ) | |
| ) | |
| *v.* ) | |
| ) | |
| LATONYA V. REEVES, ) | |
| ) | |
|     Respondent. ) | |

**MOTION FOR AN ORDER AUTHORIZING
RULE 2004 EXAMINATIONS AND THE ISSUANCE OF SUBPOENAS**

Gerard R. Vetter, Acting United States Trustee for Region Four, by counsel, moves the Court pursuant to §§ 105(a), 307, and 727 of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code"), and Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of the proposed order attached as **Exhibit 1**: (i) authorizing the United States Trustee to conduct Rule 2004 examinations of the above-referenced Debtor; (ii) directing the Debtor to appear at a Rule 2004 examination; (iii) authorizing the United States Trustee to issue subpoenas to compel the production of documents from the Debtor and others. In support of this motion, the United States Trustee respectfully states as follows:

*General Background*

1.    The United States Trustee is a Department of Justice official charged with, among other things, supervising bankruptcy case administration. 28 U.S.C. § 586(a)(3). United States

Trustees "serve as bankruptcy watch-dogs to prevent fraud, dishonesty, and overreaching in the bankruptcy arena." H.R. Rep. No. 95-595, at 88 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6049; *In re A-1 Trash Pickup, Inc.*, 802 F.2d 774, 775 (4th Cir. 1986). The United States Trustee is authorized to file a complaint objecting to a debtor's discharge. 11 U.S.C. § 727(c)(1).

2. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5. On August 24, 2023, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

6. The Debtor filed schedules and statements as required by the Bankruptcy Code and Rules along with the Petition. The schedules and statements filed by or on behalf of the Debtor are incorporated by reference.

7. Contemporaneously herewith, the United States Trustee has filed a motion seeking to extending the deadline to file a Complaint objecting to the Debtor's discharge to January 19, 2024.

8. The United States Trustee, through counsel, has been investigating various matters involving the case, including pre-petition and post-petition transfers, use of assets pre-petition, oaths made in connection with this case, disclosures of information in the Debtor's schedules, documents filed with the Court and other matters affecting the administration of the Debtor's estate.

9. On September 25, 2023, the United States Trustee requested that the Debtor provide certain financial documents. The Debtor, through counsel, has provided some of the requested financial information to counsel for the United States Trustee but has not provided all the requested documents.

10. The requested documents include: A) Debtor's tax records; B) statements from banks and other financial institutions; C) records from Debtor's businesses; D) records regarding Small Business Administration ("SBA") loans, and; E) records regarding Paycheck Protection Program ("PPP") loans.

11. The United States Trustee wishes to obtain Court authority pursuant to Bankruptcy Rule 2004 to issue subpoenas to seek the information that he has requested from the Debtor directly from third parties.

12. In addition, the United States Trustee wishes to obtain Court authority pursuant to Bankruptcy Rule 2004 to issue subpoenas to obtain documents from the Debtor and to examine the Debtor.

*Basis For Relief*

13. The Bankruptcy Rules provide, "[o]n motion of any party in interest, the court may order the examination of any entity," Fed. R. Bankr. P. 2004(a), and the examination may relate to:

> acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge.

Fed. R. Bankr. P. 2004(b).

14. The Court may order a debtor to be examined pursuant to Rule 2004. Fed. R. Bank. P. 2004(d).

15. Examinations under Rule 2004 may be had of non-debtors. *See* Fed. R. Bank. P. 2004(a) ("The court may order the examination of any entity.").

16. An order authorizing a Rule 2004 examination may be entered ex parte. *In re Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985).

17. The United States Trustee desires have the authority to issue subpoenas for documents to the parties listed on **Schedule A**.

WHEREFORE, Gerard R. Vetter, Acting United States Trustee, by counsel, respectfully requests this Court enter the proposed order attached as **Exhibit 1** and grant such other and further relief and this Court shall deem appropriate.

Date: November 1, 2023             Respectfully submitted,
                                   United States Trustee
                                   By: /s/ B. Webb King

B. Webb King (VSB #47044)
Trial Attorney for the United States Trustee
210 First Street, S.W., Suite 505
Roanoke, Virginia 24011
Telephone: (540) 857-2838
Webb.King@usdoj.gov


**CERTIFICATE OF SERVICE**

I certify that on November 1, 2023, I caused the foregoing to be electronically filed with the United States Bankruptcy Court for the Western District of Virginia which caused electronic notifications of filing to be served on all registered users of the CM/ECF System that have appeared in this case, including counsel for the Debtor.

/s/ B. Webb King

## SCHEDULE A

1) The Debtor;

2) TD Bank;

3) CashApp;

4) Square;

5) Venmo;

6) PayPal;

7) Apple Cash;

8) Harvest Small Business Finance, LLC

9) Readycap Lending, LLC

10) Texas National Bank.